UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>    Petitioner,<br><br>    v.<br><br>LACKNER, Warden,<br><br>    Respondent. | No. 2:14-cv-2290-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests that this action by stayed while he exhausts several of his claims in state court. Respondent moves to dismiss the petition as barred by the statute of limitations and opposes the request for a stay as futile. For the reasons that follow, respondent's motion must be granted, petitioner's motion must be denied, and this action must be dismissed as untimely.

**I.      Background**

Petitioner was convicted of second degree robbery and receiving a stolen motor vehicle. ECF Nos. 11, 14 ("Lodg. Doc.") 2. He was sentenced to 25 years to life for the robbery and a concurrent 25 years to life for receiving a stolen motor vehicle. *Id.* Petitioner appealed, and on December 27, 2012, the California Court of Appeal, Third Appellate District reversed the conviction for receiving a stolen motor vehicle. *Id.* Petitioner did not seek review in the California Supreme Court. Lodg. Doc. 3 at 5; ECF No. 12 at 6.

/////

1

Petitioner subsequently filed two pro se state habeas corpus petitions.[1] He filed the first in the California Supreme Court on February 4, 2014. *Id.* The California Supreme Court denied that petition on May 14, 2014. Lodg. Doc. 4. Petitioner filed the second state habeas petition in the San Joaquin County Superior Court on July 12, 2014. Lodg. Doc. 5. The Superior Court denied that petition on November 24, 2014. Lodg. Doc. 6.

Petitioner filed the pending federal habeas petition on September 15, 2014.[2] ECF No. 1.

## II.     The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (A) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (B) the date on which a state-created impediment to filing is removed, (C) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (D) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### a.   Statutory Tolling

The running of limitations period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a

---

[1] Although neither petition contains a certificate of service, the parties agree that the date of petitioner's signature is the effective filing date for each petition. ECF No. 9 at 2-3; ECF No. 12 at 1.

[2] Although the signature line on this petition states "July __ 2014," the certificate of service is dated "9/15/2014" and the petition was not actually filed by the court until October 1, 2014. ECF No. 1 at 23, 177. Consistent with the mailbox rule, this petition is deemed filed as of September 15, 2014. *See* Rule 3, Rules Governing Section 2254 Cases; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

2

higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012). The statute is not tolled between the time the start of the limitations period is triggered and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

### b. Equitable Tolling and the Actual Innocence Exception

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

In addition, the statute of limitations is subject to an actual innocence exception.[3] A petitioner may have his untimely filed case heard on the merits if he can persuade the district court that it is more likely than not that no reasonable juror would have convicted him. *McQuiggin v. Perkins*,    U.S.   , 133 S. Ct. 1924 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (*en banc*). The innocence exception is demanding and thus seldom met. *Id.* (citing *House v. Bell*, 547 U.S. 518, 538 (2006)); *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014) (describing the standard governing the exception as "exacting" and setting "an extremely high hurdle" for the habeas petitioner). It requires the petitioner to support his claim of innocence with new reliable evidence (like exculpatory scientific or other physical evidence or eyewitness accounts) that was not presented at trial. *Lee*, 653 F.3d at 938. The court then assesses how reasonable jurors would react to the overall, newly supplemented record, including the new

---

[3] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

evidence. *Stewart*, 757 F.3d at 938. The court must additionally consider the timing of the federal petition as a factor bearing on the reliability of the petitioner's evidence of innocence. *McQuiggin*, 133 S. Ct. at 1928. "[A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has reliably been shown." *Id.*

### III.     Discussion

Following his convictions of second degree robbery and receiving a stolen motor vehicle, petitioner filed a direct appeal. On December 27, 2012, the state appellate court reversed the conviction for receiving a stolen motor vehicle. Lodg. Doc. 2. Petitioner did not seek direct review from the California Supreme Court. Lodg. Doc. 3 at 5; ECF No. 12 at 6. Accordingly, petitioner's conviction became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on February 5, 2013, forty days after the California Court of Appeal filed its decision.[4] *See* Cal. Ct. R. 8.264(b)(1), 8.500(e); *see also Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). Thus, petitioner had until February 5, 2014 to file his federal habeas petition. Absent tolling, his September 15, 2014 application in this court is more than seven months late.

Petitioner filed his first state habeas petition in the California Supreme Court on February 4, 2014. Lodg. Doc. 3. Because he filed that petition prior to the expiration of the limitations period on February 5, 2014, the limitations period was tolled while the application was "pending." 28 U.S.C. § 2244(d)(2). The California Supreme Court denied petitioner's first state habeas petition on May 14, 2014. Lodg. Doc. 4. As respondent concedes, the limitations period was tolled under § 2244(d)(2) for those 100 days, and petitioner therefore had until May 16, 2014, to file his federal petition. ECF No. 9 at 4.

---

[4] Petitioner states that the court did not notify him of its decision on direct appeal until February 26, 2013, thereby suggesting that commencement of the limitations period should be deferred to February 26, 2013. ECF No. 12 at 7, 8, Ex. C. As is apparent from the discussion *infra*, this proposed 21-day delay in the commencement of the limitations period would not affect the timeliness of the instant petition.

Petitioner did not file his second state habeas petition until July 12, 2014. Lodg. Doc. 5. The filing of the second state habeas petition does not entitle to petitioner to further tolling of the limitations period because (1) petitioner was not ascending up the state court hierarchy when he filed the second petition, and (2) it was filed after the expiration of the limitations period. *See Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) (time periods between different rounds of collateral review are not tolled); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Thus, the instant petition, filed September 15, 2014, is untimely by three months.[5] Even assuming petitioner could benefit from a February 26, 2013, start date to the statute of limitations and a July 12, 2014 filing date for the instant petition, the petition would still be untimely by almost two months.

In his opposition to respondent's motion, petitioner claims his appellate counsel refused to "present evidence which clearly established another person had 'admitted' to committing the crime." ECF No. 12 at 4. He submits two declarations purportedly executed by Jimmy Narvaez, petitioner's codefendant who entered a plea prior to trial. *Id.*, Ex. B; Lodg. Doc. 7 at 54. In the declarations, Narvaez claims sole responsibility for the bank robbery and states that petitioner was not with him on the day in question. He claims that any prior inconsistent statements he may have made around the time of his arrest were because he was drunk, coerced by police officers, and needed medical attention. To the extent petitioner is attempting to qualify for the actual innocence exception to the statute of limitations, his argument fails.

/////

---

[5] With his opposition to respondent's motion to dismiss, petitioner submits a proof of service bearing a different date than that which accompanied the instant petition upon filing. *See* ECF No. 12 at 15. Aside from the date, the proofs of service appear to be identical in all respects. The proof of service submitted with petitioner's opposition is dated "7/12/2014," while the one submitted with the actual petition is dated "9/15/2014." It is unclear when or why or who altered the date on the proof of service. However, even if the instant petition was filed on July 12, 2014, it would still be untimely. As discussed *supra*, the limitations period expired on May 16, 2014, with the benefit of 100 days of statutory tolling. Applying the July 12, 2014, date as the filing date of the instant petition would mean that the federal petition was filed nearly two months after the limitations period expired.

As noted, the court may consider the merits of a petition despite its untimeliness, if petitioner persuades the court that, in light of new evidence, it is probable that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 133 S. Ct. at 1928. The evidence presented at trial included two eyewitnesses observing petitioner engaging in various stages of the robbery. *See* Lodg. Doc 7 at 236 (Karen Chism, victim and witness); Lodg. Docs. 8 & 9 at 355-356, 607, 610, 633 (Steve Zerweck, witness). A reasonable juror could choose to disbelieve Narvaez and instead rely upon the other eyewitness evidence implicating petitioner in the robbery. Thus, petitioner has not shown that it is more likely than not that no reasonable juror would have convicted petitioner had they known about Narvaez's statements regarding petitioner's innocence. *See, e.g., Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (rejecting freestanding claim of actual innocence where nearly all of alleged new evidence "serve[d] only to undercut the evidence presented at trial, not affirmatively to prove Carriger's innocence").

For the reasons stated herein, respondent's motion to dismiss must be granted. Similarly, petitioner's motion to stay must be denied as futile because the statute of limitations bars petitioner from obtaining federal habeas relief.

**IV.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 20, 2015 motion to dismiss (ECF No. 9) be granted on the grounds that the petition is untimely under the statute of limitations, that petitioner's motion to stay (ECF No. 2) be denied as futile, and the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In

his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: September 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE